# EXHIBIT A

1  THOMAS J. KASTER (SBN #3696)
2  LAW OFFICES OF JOHN E. HILL
   *A Professional Corporation*
3  333 Hegenberger Road, Suite 500
   Oakland, California 94621
4  Telephone: (510) 588-1000
   Facsimile: (510) 633-2504
5  tomkaster@hill-law-offices.com
6
   Attorney for Plaintiffs KAREN LAM
7  and SOKHA DUONG

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0001024**
**10-NOV-2021**
**03:12 PM**
**Dkt. 11 CAMD**

8              **IN THE CIRCUIT COURT OF THE FIRST CIRCUIT**

9                            **STATE OF HAWAII**

10

11  KAREN LAM, SOKHA DUONG,                    Case No. 1CCV-21-0001024

12                   Plaintiffs,               FIRST AMENDED COMPLAINT

13  vs.

14  HILTON MANAGEMENT LLC, a Foreign
    Limited Liability (LLC), and DOES 1-100,
15

16                   Defendants.

17

18

19                      **FIRST AMENDED COMPLAINT**

20      Plaintiffs KAREN LAM and SOKHA DUONG, by and through their attorneys, hereby claim

21  in their First Amended Complaint for damages against the above-named Defendants, and allege

22  and aver as follows:

23                            **COUNT ONE**

24      1.   Plaintiff KAREN LAM is, and at all times mentioned in this First Amended Complaint

25  was, a resident of the State of California.  Plaintiff SOKHA DUONG is, and at all times

26  mentioned in this First Amended Complaint was, a resident of the State of California.  Plaintiffs

27  are married, and at all relevant times to this First Amended Complaint, were married to each

28  other.

                                          1

2. Defendant HILTON MANAGEMENT LLC (hereinafter "Defendant Hilton") is a Foreign Limited Liability Company (LLC), organized in the State of Delaware and doing business in the State of Hawaii as the operator of the property known as "The Hilton Hawaiian Village", located at 2003 Kalia Road, Honolulu, Hawaii  96815.

3. Defendants DOES 1 through 100 are sued in this First Amended Complaint under Hawaii Rule of Civil Procedure 17(d).  Plaintiffs and plaintiffs' attorneys have diligently and in good faith attempted to ascertain names and identities of possible defendants DOES 1 through 100, whose identities are presently unknown to Plaintiffs.  Plaintiffs' attorneys have photographs of the area.  However, due to the inability to conduct discovery prior to filing suit, the identity of other DOE defendants whose conduct may have been a legal cause of Plaintiffs' injuries and damages remain unknown to Plaintiffs.  Plaintiffs' attorneys have been unable to determine who else may be legally and/or contractually liable for the incident.  Once this litigation is commenced, Plaintiffs' attorneys will, through discovery, obtain the necessary facts and information from defendants and will thereafter amend the filings herein and/or identify the appropriate persons or entities as DOE defendants as needed.

4. Defendants DOES 1 through 100 are sued herein under fictitious names because:

(a) their true names and identities are presently unknown to Plaintiffs;

(b) they employed, contracted with, controlled, and/or are in some way responsible for the conduct, acts and/or omissions of defendants.

(c) they were in some manner engaged in the activities alleged herein and/or were in some manner acting by or on behalf of defendants, and/or were in some manner responsible for the injuries or damages to Plaintiffs;

(d) they manufactured, designed, distributed, sold, or placed in the market a product which was defective and presented an unreasonable danger which caused injuries or damages to Plaintiffs;

(e) they owned, constructed, designed, built, operated, repaired, inspected, maintained, and/or controlled the premises or product thereon which presented an unreasonable risk of harm and caused injuries or damages to Plaintiffs;

2

(f)   they knew or, with reasonable care, should have known of the danger and were negligent in creating or allowing such dangerous condition to exist, for creating a public nuisance, for failing to give Plaintiffs any warning of the dangerous condition, for failing to correct the dangerous condition, and for failing to protect Plaintiffs;

(g)   they violated laws, standards, codes, warranties, and/or ordinances and are therefore negligent, strictly liable, liable for breach of express and/or implied warranties, and are negligent per se;

(h)   their acts or omissions were a legal or factual cause of Plaintiff KAREN LAM's fall, injuries and/or damages.

5.   Defendant Hilton manages, operates, maintains, and/or controls the resort known as the "Hilton Hawaiian Village," which includes a hotel and resort, and hotel rooms including bathroom showers and bathtubs.

6.   Defendant Hilton managed, installed and maintained the showers and bathtubs in the hotel rooms and bathrooms.

7.   On August 31, 2019, Plaintiff KAREN LAM and her daughter Laura Duong were registered guests at Defendant Hilton.

8.   Plaintiff KAREN LAM alleges, that as of August 31, 2019, the guest room which was made available to her included a shower and bathtub that did not have a non-skid or non-slip floor, and Defendant Hilton failed to provide a non-skid or non-slip mat for KAREN LAM to use in connection with the shower and bathtub. In addition, the shower and tub had other unsafe aspects including the lack of a convenient towel bar or hook to place a towel for drying inside the shower.

9.   Plaintiff KAREN LAM alleges that Defendant Hilton was aware that the shower and bathtub provided to her at the hotel did not have a non-skid or non-slip floor and that Defendant Hilton was aware that it failed to provide a non-skid or non-slip mat for Plaintiff KAREN LAM to use.  Furthermore, Defendant Hilton was aware of other unsafe aspects including the lack of a convenient towel bar or hook to place a towel for drying inside the shower.  Defendant Hilton's conduct posed an unreasonable risk of harm and caused a dangerous condition to exist to Plaintiff

3

KAREN LAM and other guests of the hotel.

10. On August 31, 2019, as a direct and proximate result of Defendant Hilton's conduct, including the failure to provide a shower and bathtub with a non-skid or non-slip surface, the failure to provide a non-slip or non-skid mat, and other unsafe aspects including the lack of a convenient towel bar or hook to place a towel for drying inside the shower, Plaintiff KAREN LAM slipped and fell while taking a shower in her guest room at the hotel.

11. On August 31, 2019, Defendant Hilton failed to take steps to protect plaintiff KAREN LAM and other hotel guests from the unreasonable risks of harm posed by the lack of a non-skid or non-slip surface and lack of a non-skid or non-slip mat in the guest room shower, and other unsafe aspects including the lack of a convenient towel bar or hook to place a towel for drying inside the shower. Among other negligent acts, Defendant Hilton failed to warn Plaintiff KAREN LAM of the unreasonable risks of harm posed by the failure to provide a non-skid or non-slip surface in the shower and bathtub and the lack of a non-skid or non-slip mat, and it failed to warn of other unsafe aspects including the failure to provide a convenient towel bar or hook to place a towel for drying inside the shower.

12. Defendant Hilton knew or should have known of the dangerous condition it had created, yet failed to take all appropriate safety precautions to prevent an injury to its hotel guest who was using Defendant Hilton's shower in a normal and expected manner.

13. As a result of Defendant Hilton's and/or other defendants, if identified, acts and/or omissions, breach of legal duties, safety rules, and/or standards of care, Defendant Hilton and/or other defendants, if identified, were negligent and/or acted in a negligent manner.

14. Defendant Hilton and other defendants, if identified, are also vicariously liable for the negligent acts of their employees, agents and/or contractors.

15. The negligent acts and/or omissions of Defendant Hilton and/or other defendants, if identified, were a factual cause of Plaintiff KAREN LAM's slip and fall, and a legal cause of her injuries, losses and/or damages.

16. The negligent acts and/or omissions that caused or resulted in Plaintiff KAREN LAM's slip, fall and resulting injuries occurred in the City and County of Honolulu, State of Hawaii.

4

17. As a direct and proximate result of the aforementioned conduct, Plaintiff KAREN LAM suffered personal injuries, including injuries to her head, neck, shoulder, back, physical and mental pain and suffering, including traumatic brain injury, all to her general damages in an amount in excess of the jurisdictional requirements of this Court.

18. As a further direct and proximate result of the aforementioned conduct, Plaintiff KAREN LAM was required to and did employ multiple physicians in the State of California to examine, treat and care for her, and incurred medical and related expenses. Plaintiff KAREN LAM will be required to incur additional medical and related expenses in the future in an amount to be proven at trial.

19. As a direct and proximate result of the negligence as alleged above, Plaintiff KAREN LAM has suffered and will continue to suffer injury to her earning capacity, and has suffered and will continue to suffer lost wages in an amount to be proven at trial.

### COUNT TWO

### LOSS OF CONSORTIUM

20. Plaintiffs repeat, re-allege, and incorporate paragraphs 1 through 19.

21. Plaintiff SOKHA DUONG is, and at all times relevant to this First Amended Complaint has been, the spouse of Plaintiff KAREN LAM.

22. As a direct and proximate result of the negligence and other legally culpable conduct of Defendant Hilton and/or other defendants, if identified, in bringing about the injuries suffered by his spouse, Plaintiff SOKHA DUONG has suffered interference with his marital relationship with Plaintiff KAREN LAM, all to Plaintiff SOKHA DUONG's damage in an amount in excess of the jurisdictional requirements of this Court.

WHEREFORE, Plaintiffs pray for judgment against Defendant Hilton and other defendants, if identified, and each of them, as follows:

    1. General damages according to proof;

    2. Special damages according to proof;

    3. Interest at the legal rate;

    4. Costs of suit; and

5.   Such other and further relief as this Court deems just and proper.

Dated:   November 10, 2021                    LAW OFFICES OF JOHN E. HILL


                                    BY:   /s/   Thomas J. Kaster
                                          THOMAS J. KASTER
                                          Attorney for Plaintiffs
                                          KAREN LAM and SOKHA DUONG